IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIETH LOPEZ,

       Petitioners,

v.                                                                  No. 2:26-cv-00492-DHU-KRS

WARDEN CASTRO, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

       Respondents,[1]

## MEMORANDUM OPINION AND ORDER REQUIRING IMMEDIATE RELEASE

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is in Immigration and Customs Enforcement (ICE) custody at the Otero County Processing Center. On January 29, 2026, the Immigration Court granted Petitioner's motion to dismiss her removal proceeding. *See* Doc. 1 at 6 (Dismissal Order). The Petition attaches the Dismissal Order, which reflects that Petitioner "met … the burden of proving that [she] is clearly and beyond a doubt entitled to admission in the United States and is not inadmissible as charged." *Id.* The Petition states that at the January 29, 2026 hearing, the Immigration Court also ordered Petitioner's release. *Id.* at 3.

---

[1] While the form 28 U.S.C. § 2241 petition names the Warden, the Court adds the above-mentioned parties as additional Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Petitioner argues that the Government's refusal to release her under these circumstances violates the Due Process Clause. The Due Process Clause protects all persons, including noncitizens, from deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V; *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). In particular, "[f]reedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." *Id.* at 690. "[T]here is a high risk of erroneous deprivation of this liberty interest when noncitizens are" detained after their removal proceedings have been dismissed. *Gil v. Warden, Otay Mesa Det. Ctr.*, 2025 WL 3675153, at *3 (S.D. Cal. Dec. 17, 2025).

The Petition here provides compelling evidence that Petitioner is entitled to a release from custody after the Dismissal Order becomes final. As noted above, the Order specifically indicates Petitioner is "clearly and beyond a doubt" entitled to be present in the United States.   *Id.*   The Dismissal Order is set to become final on March 3, 2026 (*i.e.,* immediately after expiration of the March 2, 2026 appeal deadline). *See* Doc. 1 at 7 (noting the appeal deadline); *Riley v. Bondi,* 606 U.S. 259, 267 (2025) (Immigration Court orders generally become final after expiration of the appeal period, if no appeal is filed). Petitioner has established she cannot be detained after that date, absent an appeal. *See Vargas v. Warden, Otero Cnty. Processing Ctr.,* 2026 WL 125566, at *1 (D.N.M. Jan. 16, 2026) (ordering petitioner's immediate release where, as here, the Immigration Court dismissed petitioner's removal proceeding).

The Court will grant the Petition (Doc. 1), in part. Pursuant to the District of New Mexico's Standing Order regarding service of process in immigration habeas cases, procedures for service of the Petition on Respondents are governed by Rule 4 of the Rules Governing Section 2254 Cases. *See In the Matter of: Service of Process in Immigration Habeas Petitions Filed Pursuant to §§*

*2241 et seq.*, 26-MC-0004-03 at 1 (explaining that the district court may apply any or all of these rules to a habeas petition not covered under 28 U.S.C. § 2254). The Clerk's office has electronically served Respondents through the CM/ECF system, including the Respondents added by this Order, and Respondents will receive notice of all further filings in this case.

Respondents must release Petitioner from custody no later than March 3, 2026, unless the Dismissal Order is appealed. Respondents shall file a notice on March 3, 2026 by 5:00 p.m. indicating that Petitioner has been released or, alternatively, providing documentary evidence that the Government has appealed the Immigration Order.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that absent an appeal, Respondents are ordered to **RELEASE** Petitioner Julieth Lopez-Toro, A-Number 243-058-262, from custody no later than **March 3, 2026**. Respondents shall file a notice on **March 3, 2026 by 5:00 p.m.** indicating that Petitioner has been released or, alternatively, providing documentary evidence that the Government has appealed the Immigration Order.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3